Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LOMA DELI GROCERY CORP.,** a New York Corporation, and<br><br>**KEVIN RODRIGUEZ,** an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | **CIVIL ACTION NO. 1:20-cv-07236 (JPC)**<br><br>**RULE 56(d) DECLARATION** |

The Plaintiffs, Loma Deli Grocery Corp., a New York Corporation, and Kevin Rodriguez, an Individual (the "Plaintiffs"), by and through their undersigned counsel hereby file this Declaration pursuant to Rule 56(d), and state that the Plaintiffs are unable to fully present facts essential to justify their position as discovery has not commenced in this matter, thus depriving the Plaintiffs of an opportunity to gather the following information which is pertinent to their case.

On February 10, 2021, this Court entered an Order which in pertinent part outlined that the Defendant may proceed in filing a pre-discovery motion for summary judgment. With the Plaintiffs filing their opposition, which may include an affidavit or declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, by March 10, 2021.

Categories of essential information and discovery needed by the Plaintiffs to present their case fully outlined below. As discovery has not yet commenced in this matter, and the Government was not subject to discovery requests.. The categories (and their importance) are stated below:

1. <u>Store Type Categorization Information</u>: This category includes information such as "store type" categorization standards contained in the Defendant's Standard Operating Procedures, Policy Memoranda or the like. Furthermore, this category would also

include Store Visit Reports for SNAP retailers located within five (5) miles of Loma Deli for stores categorized as Convenience Stores, Small Grocers, and Medium Grocers.

This information in critical to the Defendant's case as the transactions flagged and included in there Charge Letter are only designated as suspicious because of the Plaintiffs' store-type designation. If the Plaintiffs' store type designation was incorrect, the transactions which are viewed as suspicious would be significantly altered and potentially eliminated altogether.

2. <u>Household Transaction Data:</u>. The USDA is in possession of Household shopping and transaction data. The Plaintiffs would request eighteen months of data (to include periods before and after the Review Period) for each of the household identified in the Charge Letter. Such information may reveal similar shopping habits that are peculiar to individual households that contribute to Scan B2 and Scan F transactions.

3. <u>Household Demographic Data</u>: The Defendant had access to at least some of the SNAP household personal information such as names and addresses. The Plaintiff would request all information on the households identified in there Charge Letter so that depositions can be taken or sworn statements can be obtained.

This information is critical to the Plaintiffs' case because, aside from the store-type designation, the reason for the households' shopping habits are at the center of this case. Neither the Defendant nor the Plaintiffs can do anything but speculate as to why households conduct transactions the way they do without interviewing the participants. Furthermore, this information may support the

    Plaintiffs' contention that part of the reason for the shopping habits present in the store is the household composition.

4. <u>Comparison Store Transaction Data</u>: The Plaintiffs would request comparison store transaction data to search for similar shopping habits that occur at the comparison store but which are not flagged or viewed as suspicious. Such information would show an arbitrary approach by the Department to designation of transactions as suspicious.

5. <u>ALERT Scan Threshold Data</u>: The Plaintiffs would request all Scan Threshold Data for Loma Deli from time periods before and after the Review Period. Such information would show a common course of conduct at the store by SNAP participants which wasn't unusual or unexpected.

6. <u>FNS Standard Operating Procedures</u>: SOP 4-1, 4-3 and a small number of policy memoranda would be requested by the Plaintiffs. This information would provide background to the procedures utilized by the Defendant in these cases, and show the importance of store type categorization in EBT Data analysis cases such as this.

In addition to those categories of document requests, the Plaintiffs would need to conduct a number of depositions. These depositions, which are common in SNAP disqualification cases, would include the following persons and cover the following topics:

7. <u>ALERT 30(b)(6) Witness</u>: This witness, typically Program Analyst Douglas Wilson, would provide testimony regarding the ALERT systems reliance upon accurate store categorization. He would also testify as to the evidentiary value of the patterns that the Defendant utilized as its primary allegations against the Plaintiffs.

8. <u>Section Chief Denise Thomas</u>: Ms. Thomas, who the undersigned deposed in another disqualification case as recently as a few weeks ago, would testify to the factual considerations in her decision to to disqualify Loma Deli. She would also testify regarding her decision not to recategorize the store.

9. <u>Program Specialist Matthew Zeidman</u>: Program Specialist Zeidman was primarily responsible for compiling evidence against the Plaintiffs. In doing so, he disregarded other authorized SNAP retailers which could have been utilized as better comparison stores to the Plaintiffs. His deposition testimony would be utilized to show the presence of confirmation bias in his statistical analysis of the transactions, and identify foundational p weaknesses in the assumptions and conclusions contained in the CAD and Case Sanction Recommendation.

10. <u>Household Depositions</u>: the Plaintiffs would sell to depose SNAP household who were identified in the Charge Letter to identify specific explanations for transactions contained within the Charge Letter. Only those households with very large, frequent or unusual transactions would be deposed.

Without these production and deposition requests, the Plaintiffs are materially hampered in presenting their case. The discovery sought by the Plaintiffs is not unusual for the case type, nor would it be unduly burdensome. Furthermore, seeing as how the Plaintiffs are presently disqualified from SNAP, it would not present a material threat to program integrity.

WHEREFORE, the Plaintiffs, Loma Deli Grocery Corp., a New York Corporation, and Kevin Rodriguez, an Individual (the "Plaintiffs"), through their undersigned counsel, Declare that moving forward with Summary Judgment at this stage would be both premature and prejudicial as a result of the status of the case, and lack of discovery to date. Accordingly, in the event the Court

chooses not to deny the Defendant's motion, the Plaintiffs would ask that the Court either: defer considering the motion; allow time to complete discovery; or otherwise issue an order permitting discovery to occur prior to the disposition of the motion for summary judgment.

**I hereby swear and affirm that the foregoing statements are true and accurate to the best of my knowledge and belief, and that this Amended Declaration has been filed in good faith.**

*/s/ Andrew Z. Tapp*
ANDREW Z. TAPP, ESQ.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on, March 10, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the following:

Joshua E. Kahane
Joshua.kahane@usdoj.gov
Counsel for Defendant

                                                      */s/ Andrew Z. Tapp*
                                                      ANDREW Z. TAPP, ESQ.
                                                      Florida Bar No.: 68002
                                                      *Pro Hac Vice*